Mr. A. L. Berman, Atty., Federal Trade Commission, with whom Mr. Robert B. Dawkins, Asst. Gen. Counsel, Federal Trade Commission, was on the brief, for respondent.

Mr. Joseph B. Kennedy, Atty., Federal Trade Commission, also entered an appearance for respondent.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This petition, by a member of the Feather and Down Products Industry, seeks to set aside a Federal Trade Commission order [1] to cease and desist from engaging in certain unfair labelling practices. The order was based upon the Commission's determination that petitioner's labels, describing the kinds or types and proportions of filling materials contained in pillows, did not meet the standards of accuracy under the Trade Practice Rules for the Feather and Down Products Industry.[2]

In this court petitioner relies on grounds which stem from the Commission's acceptance of the results of tests conducted by its own expert witness and the rejection of those conducted by petitioner's experts.[3] These grounds were not urged before the Commission. We are, therefore, not bound to consider them now.[4]

We note our agreement, however, with the Courts of Appeals for the Third and Second Circuits [5] in sustaining the Commission's like evaluation of these tests in related cases involving other members of this industry.

The petition to set aside is denied, and the Commission's order is affirmed.

So ordered.

Elton F. KING, Appellant,

v.

UNITED STATES of America, Appellee.

John H. THOMAS, Appellant,

v.

UNITED STATES of America, Appellee.

Nos. 13603, 13604.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 20, 1957.

Decided Feb. 21, 1957.

Mr. Wesley S. Williams, Washington, D. C., for appellants.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Harold H. Titus, Jr., John D. Lane, and E. Tillman Stirling, Asst. U. S. Attys., were on the brief for appellee.

---

1. Issued under § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

2. Promulgated by the Commission on April 26, 1951, 16 C.F.R. § 200 (Supp.1955).

3. These grounds are: "(1) that testimony of petitioners' experts had been totally disregarded because it was not styled in a manner made mandatory subsequent to its introduction; (2) that testimony of petitioners' experts had never been weighed; and (3) that rejection of testimony of petitioners' experts constituted an amendment to the Trade Practice Rules without notice to petitioners."

4. United States v. L. A. Tucker Truck

Lines, 1952, 344 U.S. 33, 36–37, 73 S.Ct. 67, 97 L.Ed. 54; Democrat Printing Co. v. Federal Communications Comm., 1952, 91 U.S.App.D.C. 72, 77–78, 202 F.2d 298, 303–304.

5. Northern Feather Works v. Federal Trade Comm. (Sumergrade v. Federal Trade Comm.), 3 Cir., 1956, 234 F.2d 335; Buchwalter v. Federal Trade Comm. (The L. Buchman Co. v. Federal Trade Comm., and Sanitary Feather & Down Co. v. Federal Trade Comm.), 2 Cir., 1956, 235 F.2d 344. Contra: Burton-Dixie Corp. v. Federal Trade Comm., 7 Cir., 1957, 240 F.2d 166; Lazar v. Federal Trade Comm., 7 Cir., 1957, 240 F.2d 176.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and BAZELON, Circuit Judges.

PER CURIAM.

These are appeals from convictions for violating the lottery laws. We find no error affecting substantial rights.

Affirmed.

---

**MAYFAIR EXTENSION, Inc., Appellant,**

v.

**Warren E. MAGEE, Appellee.**

**No. 13319.**

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 5, 1957.

Decided Feb. 21, 1957.

Mr. Robert H. McNeill, Washington, D. C., for appellant.

Mr. William J. Hughes, Jr., Washington, D. C., for appellee.

Before BAZELON, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

This appeal is from the District Court's denial of appellant corporation's motion, under Rules 55 and 60, Fed.R. Civ.P., 28 U.S.C. to vacate the default judgment entered in appellee's suit on two promissory notes and for attorney's fees.

The suit was filed on March 30, 1954, when appellee was general counsel and secretary of appellant. Service was made the next day on appellant's executive vice president, Cassell. According to affidavits in support of the motion to vacate, Cassell and appellee were denied re-election at a Board of Directors meeting on April 16, 1954, and they withdrew from the meeting without mentioning the suit and the service upon Cassell. Appellee obtained judgment by default on April 26, 1954.

It appears from Cassell's affidavit that one Walker, who was employed as a property manager by appellant corporation after April 16, 1954, knew of the suit and service of process before the entry of the default judgment. Walker's affidavit, executed a week or so after Cassell's was filed, is completely silent as to whether he had such knowledge or, if so, conveyed it to any officer or director. There is no dispute, however, that appellant was fully advised of the judgment no later than May 7, 1954. The motion to vacate was not filed until April 25, 1955—almost a year later.